STEVE K. ZINNEL
11966 Old Eureka Way
Gold River, CA  95670
T. 916-402-2640
F. 916-635-9870
E. stevezinnel@gmail.com

Debtor in pro se

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### (SACRAMENTO DIVISION)

| | |
|---|---|
| In Re: | U.S. District Court Case No.<br>        2:12-cv-00249-GEB |
| STEVEN K. ZINNEL, | Bankruptcy Case No. 05-28800-C-7 |
|     Debtor. | DC No.:  HSM-004<br>DC No.:  HSM-005 |
| STEVEN KEITH ZINNEL, Appellant. | **APPELLANT'S OPENING BRIEF** |
| v. | |
| SUSAN K. SMITH, U.S. Trustee. | Judge: Hon. Garland E. Burrell, Jr. |
|       Appellee | |

# TABLE OF CONTENTS

I.   STATEMENT OF THE CASE ................................................. **6**

II.  BASIS OF APPELLATE JURISDICTION ............................... **10**

III. ISSUES ON APPEAL AND APPROPRIATE STANDARDS OF REVIEW
     ............................................................................. **11**

   A.  Issues ..................................................................... 11

   B.  Standard of Review ................................................. 11

IV.  STATEMENT OF FACTS .................................................. **12**

V.   ARGUMENT .................................................................. **24**

   A.  The Debtor has standing in his own bankruptcy case, as a party-in-interest, to participate in a case in which he is the only party ....................................... 24

   B.  The Trustee must furnish such information concerning the estate and the estate's administration as is requested by a party or person-in-interest pursuant to   11 *U.S.C.* § 704 (a)(7) and well-settled decisional law ................................... 30

   C.  In a bankruptcy case, there is no requirement that there must be on file in the case a motion, an adversary proceeding, or any contested matter, before any party or person-interest may propound discovery ................................... 33

   D.  There was no factual or legal basis for the Bankruptcy Court to reconsider its December 30, 2011 order denying Trustee Susan K. Smith's Motion for Protective Order by Chapter 7 Trustee as to Discovery Propounded by the Debtor.... 35

VI.  CONCLUSION ............................................................... **36**

1

2

## TABLE OF AUTHORITIES

3

_____

4

**Cases**
.

5

*In re Lenders Mortg. Services, Inc*., Bkrtcy.E.D.Mo.1997, 224 B.R. 707 ...................... 30

6

7

*Ault v. Emblem Corp. (In re Wolf Creek Valley Metro. Dist. No. IV)*, 138 B.R. 610, 615 (D. Colo. 1992) ................................................................................................ 28

8

*Bonds v. Tandy*, 457 F.3d 409, 413 n.7 (5th Cir. 2006) .................................... 28

9

10

*DirecTV, Inc. v. Brown*, 371 F.3d 814, 817 (11th Cir. 2004).......................... 27

11

*Duckor Spradling & Metzger v. Baum Trust ( In re P.R.T.C., Inc.),* 177 F.3d 774, 778 n. 2 (9th Cir.1999)................................................................................... 23

12

13

*Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C, Inc.)*, 177 F.3d 774, 777 (9th Cir. 1999) ............................................................................................ 27

14

15

*Elliott v. Four Seasons Props*., Inc. (*In re Frontier Props., Inc.*), 979 F.2d 1358, 1363 (9th Cir. 1992).................................................................................................. 9

16

17

*Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 443 (9th Cir. 1983) .................. 29

18

*In re Amatex Corp.,* 755 F.2d 1034, 1042 (3d Cir. 1985) ................................ 28

19

*In re Arden Properties, Inc.*, 248 B.R. 164, 168 (Bkrtcy. D. Ariz. 2000)....................... 34

20

*In re Castillo*, 297 F.3d 940, 950-51 (9th Cir. 2002) .................................. 13, 29

21

*In re Johns-Manville Corp.*, 36 B.R. 743, 754 (Bankr. S.D.N.Y. 1984)........................ 28

22

23

*In re Popp* (9th Cir. BAP 2005) 323 BR 260, 266 ........................................ 25

24

*In re River Bend-Oxford Assocs.*, 114 B.R. 111, 116 (Bankr. D. Md. 1990).................... 28

25

*In re Rodeo Canon Development Corp.* 362 F.3d 603 (C.A.9, 2004)............................. 25

26

*In re Saur*, S.D.N.Y.1903, 122 F. 101 .................................................. 30

27

28

*In re Transatlantic & Pacific Corp.*, S.D.N.Y.1963, 216 F.Supp. 546 ............................ 30

*Kane v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 843 F.2d 636, 642 n.2 (2d Cir. 1988) ............................................................................................................... 27

*LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 5 (1st Cir. 1999) ..................................................................................................................... 28

*Matter of Lockard*, 884 F.2d 1171, 1174 (9th Cir. 1989) ................................................. 10

*Matter of Universal Life Church, Inc.*, 191 B.R. 433, 437 (E.D. Cal. 1995) .................. 10

*Matter of M4 Enterprises, Inc.*, Bkrtcy.N.D.Ga.1995, 190 B.R. 471 .............................. 30

*Midway Airlines, Inc.,* 180 B.R. 1009, 1012 (Bkrtcy. N.D. Ill. 1995) ............................ 35

*Muscogee (Creek) Nation v. Hodel,* 851 F.2d 1439, 1444 (D.C. Cir. 1988) .................. 27

*Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844 (9th Cir.1994) ...................... 11

*Slimick*, 928 F.2d at 307 ................................................................................................... 9

*Truck-A-Way*, United States Bankruptcy Court, ED CA, Case No. 02-21699 .................. 7

*United States of America v. James D. Burke*, U.S. District Court - Eastern District of California Case # 2:05-cr-00365-FCD ...................................................................... 14

**Statutes**

11 *U.S.C.* § 101 ................................................................................................................ 9

11 *U.S.C.* § 1109(b) ......................................................................................................... 29

11 *U.S.C.* § 363(f) ............................................................................................................ 16

11 *U.S.C.* § 704 (a)(7) .................................................................................................. 9, 11, 37

11 *U.S.C.* §363(M) ......................................................................................................... 16

11 *U.S.C.* Section 363(M) ............................................................................................. 18

11 *U.S.C.* § 704 (a) ............................................................................. 30

28 *U.S.C.* § 157(a) ............................................................................. 10

28 *U.S.C.* § 158(c)(1)(A) .................................................................... 10

28 *U.S.C.* §1334(a) ............................................................................ 10

*Bankruptcy Rule* 7001 ...................................................................... 16

*Bankruptcy Rules* 8002(a) and 9006(a) ............................................ 10

*Federal Rule of Civil Procedure* Rule 59 .......................................... 35

*Federal Rules of Bankruptcy Procedure*, Rule 8013 ....................... 12

*Rules of Court*, rule 8.204(a)(1)(B) ................................................. 11

U.S.D.C. ED CA *Local Rule* 230 (Fed. R. Civ. P. 78) ..................... 35

**Treatises**

*Guerrilla Discovery, James Publishing* 2007 edition, §12.20.4 ........................................ 33

*Noneconomic Interests in Bankruptcy: Standing on the Outside Looking In* Ohio State
Law Journal, 59 Ohio St. L.J. 429, 461 (1998) ........................................................... 27

APPELLANT'S OPENING BRIEF

Debtor Steven K. Zinnel ("Debtor" or "Appellant") submits the following Opening Brief in this matter. [1]

## I.  STATEMENT OF THE CASE

The two parties to this appeal are Steven K. Zinnel ("Debtor" or "Appellant") and Interim Bankruptcy Trustee Susan K. Smith ("Trustee" of "Appellee"). [2]  In this case, numerous reversible errors were made by the bankruptcy judge, any one of which requires corrective action by the District Court.  Debtor appeals from a January 20, 2012 order granting a discovery protective order which essentially erroneously finds that debtor does not have standing to conduct discovery or obtain a single document from the bankruptcy trustee which he needs in order for him to effectively participate in an adversarial case to which he is the only party and there is obviously something rotten in the state of Denmark. [3]

Boiled downs to the essential elements, the bottom line is that the Trustee, aided by her attorneys, has decided to breach her fiduciary duty and refuse to provide Debtor, who is a party in interest and who has standing, with any discovery responses or a single piece of paper in this case, even though she has a fiduciary duty to do so and the *Bankruptcy Code* requires her to. This appeal arises from the Trustee's steadfast, albeit unlawful, refusal to answer written discovery or

---

[1] Concurrently with the filing of this Opening Brief, Appellant filed his  previously designated Appellant's Excerpts of Record on Appeal which consists of five (5) volumes and includes Appellant's Reporters' Transcript on Appeal. Appellee chose not to designate any additional Excerpts of Record on Appeal or Reporters' Transcript on Appeal. The documents contained in Appellant's Excerpts of Record on Appeal will be cited as "EOR", including volume, tab, page, paragraph, and line references, as necessary. Portions of the Reporter's Transcript of Proceedings will be cited as "RT", including page and line references, as necessary. The Reporter's Transcripts are reproduced under Tab 71 in Volume 5 of the EOR.

[2] Attorney Judy Hotze, counsel for the U.S. Trustee, has notified Appellant Steven K. Zinnel and Appellee Susan K. Smith by and through her counsel Howard S. Nevins that the U.S. Trustee is not participating in the appeal (See Docket Entry # 7 in this District Court Appeal at 2:2-4).

[3] Shakespeare's The story is "Hamlet." Act I, Scene 4: Marcellus (an officer) says "Something is rotten in the state of Denmark," having just seen the ghost of Hamlet's father, the late king of Denmark. **The phrase means "things are unsatisfactory; there is something wrong."**

provide a single document to debtor which the Bankruptcy Court made reversible errors in blessing the specious conduct of the Trustee and her attorneys.

Debtor propounded written discovery on the Acting United States Trustee, Region 17, August B. Landis and the Trustee. A few days later, including a weekend, the Trustee filed a motion to sell property. [4] Thus, based on the moving papers, Debtor sent Trustee's counsel several letters requesting additional documents from the Trustee to evaluate Ms. Smith's motion, to obtain documentary evidence on suspected collusion between the Trustee and the proposed buyer, and to determine if overbidding was warranted. The Acting United States Trustee, Region 17, August B. Landis answered Debtor's propounded discovery and Trustee Smith did not. The Trustee filed a motion for protective order seeking a court order that she did not have to answer any of debtor's discovery or provide any documents including those that Debtor needed to evaluate Ms. Smith's motion, to obtain documentary evidence on suspected collusion between the Trustee and the proposed buyer, and to determine if overbidding was warranted.  The Bankruptcy Court resolved the motion without oral argument and denied the trustee's motion stating on the record: *I have studied the record carefully and I am persuaded that is not an appropriate order to grant and the motion is denied.* Instead of complying with her legal duties as a bankruptcy trustee, Ms. Smith brought a subsequent motion for reconsideration without alleging any new or different facts or new law.  Debtor opposed the motion for reconsideration which the Bankruptcy Court did not consider as it made its erroneous ruling three days earlier, but waited to mail its notice of ruling which debtor did not receive until after he filed his opposition. [5]

After realizing that it was the Trustee that brought the motion for the protective order,

---

[4] In fact the Trustee and her attorneys had been working on the motion to sell for quite some and evidently chose to file motion after Debtor served written discovery.

[5] In aggravation and frustration, even though Debtor is permitted to electronically file and receive orders electronically in District Court, Judge Klein denied Debtor's unopposed motion to electronically file and receive notice in Bankrutpcy Court (see BK Docket Nos. 291-295 & 367).

1    and not the Debtor, [6] the Bankruptcy Court reversed itself with no new facts and granted the

2    motion for protective order and motion for reconsideration ruling that the Debtor does not have

3    standing.  This is not and cannot be the law.  The appealed orders are extremely prejudicial to

4    Debtor as the deny him the ability to participate in own bankruptcy case and relieves the Trustee

5    of her fiduciary duty to provide information and documents to Debtor and other persons-in-

6    interest.

7          It is extremely frustrating to Debtor that since trustee Susan Smith and her attorney

8    Howard Nevins have become involved in this case in July 2011, they have unnecessarily

9    significantly increased the cost of this litigation for their failure to follow the law, the court's

10   *Local Rules*, and not provide documents to a party-in-interest.  As a direct and foreseeable

11   consequence of Ms. Smith's and Mr. Nevins actions, or lack thereof, Debtor has been forced to

12   file motions with the court seeking reconsideration and monetary and non-monetary sanctions,

13   and forced to appeal. The waste Ms. Smith and Mr. Nevins are directly causing and the damage

14   to the estate they are causing as well, is remarkable, albeit remarkably sad (1 EOR Tab 17,

15   111:9-16).

16         Even though debtor strongly provided advanced warnings to all, on many occasions (1

17   EOR Tab 17, 127:11-130:18, 2 EOR Tab 25, 267, 276-279) , this bankruptcy case has now

18   followed in the footsteps of *Truck-A-Way*, United States Bankruptcy Court, ED CA, Case No.

19   02-21699 [7], in which United States District Court Judge Frank Damrell stated that the conduct of

20   that bankruptcy proceeding was simply a mockery at what a bankruptcy proceeding should be for

21   a variety of reasons  (2 EOR Tab 25, 279, ¶3).

22         This appeal is based on the Bankruptcy Court's incorrect conclusions of law, abuse of its

23   discretion, and clearly erroneous findings of fact.  Appellant has two major goals in bringing this

24

25   [6] Since the bankruptcy case was reopened in June 2011, the bankruptcy court judge has summarily denied all off
     debtor's motions, not considered his oppositions, and not served court orders.

26   [7] Trustee Susan K. Smith's counsel Howard Nevins was involved in that case as well.

27

28

appeal: (1) to have the law applied correctly, and (2) to reach a just result. The issues raised in this appeal involve errors in law by the Bankruptcy Court that are important, and concern the most basic notions of equity and justice, and their correction will have an impact in this case and others. This appeal is ripe for review because there is a fully developed legal record.

Bankruptcy Courts are courts of equity and should invoke equitable principles and doctrines, refusing to do so only where their application would be inconsistent with the *Bankruptcy Code*.  11 *U.S.C.* § 101 et seq. Here, the Bankruptcy's Court's unwarranted prejudice against Debtor and the resulting erroneous rulings were not only unfair, but the proceedings in this case leave a very sour taste in Debtor's mouth about how justice was administered.  Under our judicial system, people should feel that they had fair proceedings, which did not happen in this case. Judge Klein's errors and erroneous orders, coupled with the Bankruptcy Trustee's actions has diminished Debtor's respect and trust in the legal system. Debtor, along with the public has a right, and expects that justice is administered fairly in every case. After looking what occurred in this case since it was reopened, there is no way anyone can look Debtor in the eye and tell him with a straight face that justice was fairly administered.

Therefore, Appellant  requests that the District Court not only completely reverse the Bankruptcy Court's orders granting the Trustee's motion for a protective order and motion for reconsideration of the order denying the motion for protective order, but also make a finding that in a bankruptcy case, there is not a requirement that there must be on file in the case a motion, an adversary proceeding, or any contested matter, before any party or person-interest may propound discovery, and issue orders that Debtor has standing to participate in this bankruptcy case, the Trustee shall furnish such information concerning the estate and the estate's administration as is requested by Debtor, or any other person-in-interest pursuant to  11 *U.S.C.* § 704 (a)(7) and well-settled decisional law, and that the Honorable Christopher M. Klein does not hear any further proceedings in this case.

## II.  BASIS OF APPELLATE JURISDICTION

The District Court had subject matter jurisdiction over the proceeding pursuant to 28 *U.S.C.* §1334(a) by Debtor's filing of a voluntary Chapter 7 petition with the Bankruptcy Court for the Eastern District of California ("Bankruptcy Court") on July 20, 2005 (3 EOR, Tab 35, 398:23). The bankruptcy case was administered by the Bankruptcy Court under a general order of reference from the District Court pursuant to 28 U.S.C. § 157(a).   The orders that are the subject of this appeal were entered by the Bankruptcy Court on December 30, 2011, December 30, 2011 and January 20, 2012 (RT at 5 EOR, Tab 71, 812; 5 EOR, Tabs 55 & 62). Debtor timely filed a Notice of Appeal on January 27, 2012, pursuant to *Bankruptcy Rules* 8002(a) and 9006(a) (5 EOR, Tab 69). Further, Debtor filed a statement of its election to have the matter heard by the District Court on January 27, 2012, pursuant to 28 *U.S.C.* § 158(c)(1)(A); (5 EOR, Tab 70). The District Court therefore has proper jurisdiction over this appeal.

Finality of Orders

Well settled law defines finality of orders in the context of bankruptcy proceedings. The standard for determining finality in the bankruptcy context is more flexible than in other areas. *NSB Film Corp.*, 167 B.R. at 180. In contrast to an ordinary civil case where "a complete act of adjudication ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," a bankruptcy order is final if it "end[s] any interim disputes from which appeal would lie." *Slimick*, 928 F.2d at 307 n.1 (internal quotation marks and citations omitted). An order can be appealed under the "flexible finality" doctrine if it "1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *Elliott v. Four Seasons Props.*, Inc. (*In re Frontier Props., Inc.*), 979 F.2d 1358, 1363 (9th Cir. 1992).

In this case, as described herein, the orders appealed are final as to the interim disputes from which appeal this lies and under the "flexible finality" doctrine the District Court's review will (1) resolve seriously affected substantive rights and (2) finally determines the discrete issue to which it is addressed. To wit: Debtor has standing because he is the only party entitling him to

receive discovery responses and documents because Debtor is a person aggrieved, directly adversely affected pecuniarily by the Bankruptcy Court's orders, and there are other detrimental effects on Debtor's rights.   The District Court therefore has proper jurisdiction over this appeal.

## III.   ISSUES ON APPEAL AND APPROPRIATE STANDARDS OF REVIEW

### A.     Issues

Appellant raises the following issues on appeal.  All the issues on appeal are under each primary issue, with distinct argument placed under a separate argument heading or subheading to present the point.

1. Whether Debtor has standing in his own bankruptcy case, as a party-in-interest, to participate in a case in which he is the only party?

2. Whether the Trustee shall furnish such information concerning the estate and the estate's administration as is requested by a party or person-in-interest pursuant to  11 *U.S.C.* § 704 (a)(7) and well-settled decisional law?

3. Whether in a bankruptcy case, there is a requirement that there must be on file in the case a motion, an adversary proceeding, or any contested matter, before any party or person-interest may propound discovery?

4. Whether there was any factual or legal basis for the Bankruptcy Court to reconsider its December 30, 2011 order denying Trustee Susan K. Smith's Motion for Protective Order by Chapter 7 Trustee as to Discovery Propounded by the Debtor?

### B.     Standard of Review

A district court reviews de novo a bankruptcy court's conclusions of law, including matters of jurisdiction. *Matter of  Lockard*, 884 F.2d 1171, 1174 (9th Cir. 1989); see *Matter of Universal Life Church, Inc.*, 191 B.R. 433, 437 (E.D. Cal. 1995). Findings of fact by the

1  bankruptcy judge shall not be disturbed unless clearly erroneous. *Federal Rules of Bankruptcy*
2  *Procedure*, Rule 8013, [8] *Matter of Universal Life Church, Inc.*, <u>Id</u>. at 437.

3     A lower court's decision not to permit further discovery is reviewed for abuse of
4  discretion. *Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844 (9th Cir.1994) .

5  **IV**.   **STATEMENT OF FACTS**

6     This case was filed as a voluntary Chapter 7 case on July 20, 2005. Stephen Reynolds
7  was appointed Chapter 7 Trustee on July 20, 2005, and served in that capacity until this case was
8  closed on June 5, 2008. This case was ordered reopened on June 17, 2011. Trustee Susan K.
9  Smith was appointed as Chapter 7 Trustee on June 20, 2011, and continues to serve in that
10  capacity (1 EOR, Tab 3, 7-8).

11     As a result of Debtor's ex-wife Michelle Zinnel's urging, despite her admitting to
12  violating Health Insurance Portability and Accountability Act (HIPAA) in stealing Debtor's
13  mom's medical records from her dental employer in order to extract money from Debtor in a
14  family law child support proceeding , criminal charges were filed against Steven K. Zinnel in the
15  Eastern District of California. (*United States of America v. Steven K. Zinnel*,  U.S. District Court
16  - Eastern District of California Case #2:11-CR-0234 MCE) ("CRIMINAL CASE"). The criminal
17  charges against Mr. Zinnel, brought by the United States Attorney for the Eastern District of
18  California, relate to alleged bankruptcy fraud allegedly committed by Mr. Zinnel in the captioned
19  bankruptcy proceedings. Mr. Zinnel has plead not guilty in the CRIMINAL CASE and he is
20  presumed innocent under the law, despite what his greedy ex-wife and the Government allege (1
21  EOR, Tab 17, 113).

22     On October 19, 2011, Debtor served and filed his Notice of Debtor's Intent to Oppose
23  and Object to Any Motions and/or Applications Filed in this Case from this Date Forward Unless

24
---
25  [8] Rule 8013 provides: On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a
26  bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of
   fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due
27  regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

28

Debtor Files a Notice of Non-Opposition (1 EOR, Tab 1). Debtor served and filed the Notice because:

> *Since this case was reopened on June 17, 2011, for the third time, in as many motions, the Bankruptcy Court improperly granted a motions and/or applications when the Debtor opposed/objected to the relief requested and the attorneys representing the Movants did not comply with the court's Local Rules, including, but not limited to Local Rule 9014-1 (k) (a), Local Rule 9014-1 (k) (c), Local Rule 9022-1 (a) (1),  and Local Rule 9022-1 (b) (1). In doing so, Movants, their attorneys, and the court have trampled on the Debtor's and Creditors' due process rights.* (1 EOR, Tab 1, 1:24-2-6).

Also on October 19, 2011 and on October 24, 2011, Debtor served two sets of written discovery requests on the Trustee (3 EOR, Tab 38, 422-478) and Acting United States Trustee, Region 17, August B. Landis (4 EOR, Tab 48, 658:9-12).  The day after the second set was propounded, on October 25, 2011 the Trustee filed a Motion for Order Authorizing Sale of Estate's Assets Re System 3, Inc. (1 EOR, Tabs 2-7).  In further evidence of the Trustee's collusion, her attorneys served the motion on the prosecuting Assistant U.S. Attorney Matthew Segal and the bad-faith proposed buyer Thomas Wilbert's attorneys Donald Heller and Frank Radoslovich (1 EOR, Tab 7, 45 & 46). Based on the motion to sell and suspected collusion between the Trustee and the proposed buyer, Thomas Wilbert, who is not a good faith purchaser, on November 3, 2011, Debtor supplemented his discovery requests by letter (2 EOR, Tab 25, 266-2790.  In his letter, Debtor informed the Trustee, her attorney, and her accountant:

> *Party-in-interest Steven K. Zinnel ("Party-in-interest") is requesting documents to evaluate Trustee Susan K. Smith's Motion for Order Authorizing Sale of Estate's Assets re System 3, Inc. filed on October 25, 2011 (hereinafter "Motion") and to perform a business valuation of System 3, Inc. to determine if  overbidding is warranted.  The document request is made to evaluate the merits of the motion, the ownership interests in System 3, Inc., and the present value of System 3, Inc. Further, the documents are requested to review any marketing activities by the Trustee.  Moreover, the documents are requested to determine if the proposed sale of property, is the product of negotiations conducted in a shroud of secrecy, collusion, or fraud on the part of any party or buyer, or of the use of a bidding procedure that is unfair to any party. Additionally, the document request is made to evaluate if the proposed buyer, Thomas J. Wilbert, is a Good Faith Purchaser.*

> *Finally, the document request is made to evaluate if the bankruptcy estate of Steven Zinnel has a legal interest in the assets sought to be sold. (2 EOR, Tab 25, 266-267).*

Debtor stated that *Time is of the essence, so Party-in-interest requests that the requested documents be provided to Party-in-interest no later than the close of business on November 4, 2011* (2 EOR, Tab 25, 267, ¶3).

Debtor also informed the Trustee, her attorney, and her accountant:

*It appears, at this juncture of this bankruptcy case, that Trustee Susan K. Smith (hereinafter "Trustee") and her attorney Howard Nevins are following in the footsteps of the bankruptcy trustee Hank Spacone and his attorney J. Russell Cunningham in Truck-A-Way, United States Bankruptcy Court, ED CA, Case No. 02-21699.  I know Mr. Nevins is extremely familiar with the Truck-A-Way case as Mr. Nevins was the attorney for the trustee in that case after the first trustee resigned and his attorney was disqualified. (See Truck-A-Way, Id. Docket entry #661 re Order Granting Application to Employ Howard S. Nevins of Hefner, Stark and Marois as Counsel for Trustee made on 9/24/04.)*

*Attachment 1 to this letter is relevant statements made by Federal Judge Frank Damrell on March 28, 2011.  Here, like in Truck-A-Way, "certain parties [or individuals] in the bankruptcy are taking full advantage of it to their financial benefit."*

*Party-in-interest is sure experienced attorney Mr. Nevins and experienced trustee Ms. Smith are extremely familiar with the duties of an appointed trustee in a bankruptcy case.*

*Generally, the trustee is to gather and liquidate the property of the estate, to be accountable for the estate, … review the proofs of claim, … be available to provide relevant information to parties-in-interest. In re Castillo, 297 F.3d 940, 950-51 (9th Cir. 2002); 11 U.S.C. §§ 704, 1302, and 1304 (emphasis added)*

*Further if a trustee in a Chapter 7 case comes across a significant asset that is not exempt, and is actually part of the bankruptcy estate under the law, the trustee should first solicit an offer from the debtor.  If the bankruptcy estate truly owns the asset, then the debtor should be provided the opportunity to negotiate to purchase the debtor's interest.  This did not happen here.*

*Moreover, in a motion for an order to sell property, the Trustee is required to demonstrate that the trustee that in closing the proposed sale, the trustee will satisfy the fiduciary duty owed to the debtor, creditors and, if applicable, equity holders to maximize value by obtaining the best price on the best terms possible.  This also did not happen here.* (2 EOR, Tab 25, 267-268)

Debtor requested well-thought out documents from the Trustee and her accountants (2 EOR, Tab 25, 268-275).  Debtor also included as an attachment to his November 3, 2011 letter, Statements

made by Federal Judge Frank Damrell at James Burke Judgment and Sentencing on March 28, 2011 in *United States of America v. James D. Burke*, U.S. District Court - Eastern District of California Case # 2:05-cr-00365-FCD (2 EOR, Tab 25, 276-279). Debtor received no response to his November 3, 2011 letter requesting documents from the Trustee or her professionals. Also on November 3, 2011, Debtor filed an Emergency *Ex Parte* Application to Continue Hearing Re Trustee's Motion for Order Authorizing Sale of Estate's Assets Re System 3, Inc. (Docket Nos. 298-302) from November 22, 2011 to January 17, 2012 (1 EOR, Tabs 8-11).  The grounds for the *ex parte* application to continue the hearing were:

> ***The motion is fatally flawed****. The hearing re the hearing Re Trustee's Motion for Order Authorizing Sale of Estate's Assets Re System 3, Inc. (Docket Nos. 298-302) should be continued from November 22, 2011 to January 17, 2012 for many compelling reasons. This **emergency** application is made on ex parte basis because Debtor's opposition to the motion is due November 8, 2011 and **he is unable to draft and file an opposition** based upon the matters raised herein. **Debtor has been diligent in serving written discovery on the trustee and requesting documents from her that he entitled to as a Party-in-interest.** Trustee's counsel has refused to stipulate to continuing the hearing regarding Trustee's Motion for Order Authorizing Sale of Estate's Assets Re System 3, Inc. (Docket Nos. 298-302).  Debtor has explored and exhausted all avenues to informally resolve the dispute matter without court intervention.* (emphasis added) ( 1 EOR, Tab 9, 54:24-55:7)

Because neither the Trustee nor her counsel responded to Debtor's November 3, 2011 letter requesting documents, on November 7, 2011, Debtor wrote a follow up letter (2 EOR, Tab 25, 281-282).  On November 8, 2011, Debtor wrote Trustee's counsel a letter requesting a stipulation extending the due date of Debtor's opposition to Trustee's Motion for Order Authorizing Sale of Estate's  Assets re System 3, Inc. because the Trustee had not provided Debtor with any documents requested which were needed to oppose the Trustee's motion to sell. Debtor informed Trustee's counsel that he was greatly prejudiced in being able to draft the opposition because he did not have documents from the Trustee (3 EOR, Tab 38, 500).  Trustee's counsel refused to continue the hearing.

As of November 8, 2011, the Trustee had not provided documents requested nor had the

Bankruptcy Court ruled on Debtor's Emergency *Ex Parte* Application to Continue Hearing Re Trustee's Motion for Order Authorizing Sale of Estate's Assets Re System 3, Inc. (1 EOR, Tabs 8-11). Thus, on November 8, 2011, Debtor was forced to file Debtor's  Initial and Non-Exhaustive Opposition to Motion for Order Authorizing Sale of Estate's Assets Re System 3, Inc. Free and Clear Of any Liens or Encumbrances, for Approval of Related Compromises of Controversies, and For a Finding That Buyer is a Good Faith Purchaser Pursuant to 11 *U.S.C.* §363(M) (1 EOR, Tab 12).  Debtor opposed the Trustee's Motion to Sell on in its entirety and provided the Bankruptcy Court with thirty-six (36) grounds as why the motion must be denied, or a minimum, the hearing continued. including:

Due process rights have been violated; It is premature for the Trustee to sell Property while discovery is ongoing; There is a pending emergency  *ex parte* application, filed on November 3, 2011, to continue the hearing from November 22, 2011 to January 17, 2012, that has not been ruled on by the court;  no determination has been made by any Court, that the estate currently has any interest whatsoever in System 3, Inc.; Thomas Wilbert is not a good faith purchaser;   *Bankruptcy Rule* 7001 requires that the trustee proceed by way of an adversary proceeding in this instance;   The trustee's failure to identify other persons and entities that have an ownership interest is fatal; due to parallel criminal proceedings, the court should stay the hearing until the criminal case is over and Mr. Zinnel can file a complete opposition; No determination has been made by any court that debtor had an ownership interest in System 3, Inc. as of July 20, 2005 which would make the property part of the estate as a matter of law;   The trustee and her attorney are following in the footsteps of the trustee and the attorney in *Truck-A-Way,* Supra. which Judge Frank Damrell said makes a mockery at what a bankruptcy proceeding should be; 11 *U.S.C.* § 363(f) prohibits the sale of property free and clear of another person's or entity's interest in the property unless that person or entity consents; There is a prior assignment by the debtor that affects debtor's rights in the sale property; There is not an absence of any known claims asserted or existing against the sale property; the value of System 3, Inc. is

believed to be over twenty (20) million dollars; the trustee does not disclose that as of December 31, 2007, System 3, Inc. had $4,030,933.00 in cash, total assets of $20,911,563.00, liabilities of $8,404,462.00 and Total Stockholder's equity of $12,507,101.00 after proposed buyer Thomas Wilbert took out from System 3, Inc. over $3,000,000.00 dollars in 2007;  the trustee does not disclose that as of December 31, 2007, for the year ending December 31, 2007, System 3, Inc. had $70,287,553.00 in Contract Revenue and Net income of $9,712,258.00 after Thomas Wilbert received $520,012.00 in compensation as an officer of System 3, Inc., had System 3 pay $4,910.00 for his life insurance, had System 3 pay $59,806.00 in gifts, had System 3 pay $104,366.00 for Legal and Accounting, and have System 3 depreciate for federal and state income tax purposes proposed buyer Thomas Wilbert's personally used $77,154.00 Porsche Cayman; The trustee does disclose that at the end of 2007, System 3, Inc. had $86,753,152.00 in Contract Back log that is not included in System 3, Inc.'s $20,911,563.00 in assets of December 31, 2007; the trustee does not provide the court or any person-of-interest with how much money Thomas and Julia Wilbert have stripped from the company; the overbidding process is a sham as the trustee has done no marketing of the property or contacted other electrical contractors (1 EOR, Tab 12, 91-94).

On November 9, 2011, without any explanation, the court denied Debtor's the emergency *ex parte* application to continue the hearing date re the Trustee's motion to sell (1 EOR, Tabs 13 & 14).  Debtor received no response to his November 3 & 7, 2011 letters to Trustee's counsel requesting documents from the Trustee and her professionals.  Thus, on November 15, 2011, Debtor wrote a third letter (2 EOR, Tab 25, 284-286.)  Days before the Discovery responses were due, and after ignoring three letters from Debtor, on November 15, 2011, Debtor received a letter from Trustee's counsel which was a disingenuous meet and confer letter to Debtor regarding his propounded discovery and demanded a response within one day. (3 EOR Tab 38, 479-480). Debtor responded the same day, by sending Trustee's counsel an email on November 15, 2011 stating :

*I am in receipt of your disingenuous meet and confer letter regarding discovery propounded on the trustee that you sent to Debtor in pro se yesterday November 14, 2011 wherein you demanded a response by November 15, 2011, which is today. Unbelievably, you take days upon days to respond to Debtor's letters to you and yet demand Debtor in pro se respond to your letter writing within 24 hours or you are going to file a motion for protective order on behalf of the trustee. Thus you have not made a good faith attempt to meet and confer prior to filing a motion.*

*My workload for the next two days is such that I cannot substantively respond to your letter until Thursday November 17, 2011 which I will do on that day by the close of business.*

*If you decide to carry through with your threat to file a motion for protective order within 24 hours of sending a Debtor in pro se with your only attempt to meet and confer, please feel free to attach this letter to your motion for the court's consideration.* (5 EOR, Tab 50)

On November 14, 2011, Debtor filed his Supplement Opposition to Motion for Order Authorizing Sale of Estate's Assets Re System 3, Inc. Free and Clear of Any Liens or Encumbrances, for Approval of Related Compromises of Controversies, and for a Finding that Buyer is a Good Faith Purchaser Pursuant to 11 *U.S.C.* Section 363 and objections to certain declarations, and exhibits ( 1&2 EOR, Tabs 17-21. & Tab 27).

On November 15, 2011, the Trustee filed two replies to the opposition to her motion to sell (2 EOR, Tabs 22 & 23). On November 16, 2011, the Acting United States Trustee, Region 17, August B. Landis answered Debtor's propounded discovery Trustee Smith did not (2 EOR, Tab 24; 4 EOR, Tab 48, 658:12-20).  Also, on November 16, 2011, Debtor filed a Notice of the Trustee's Refusal to Provide a Single Document to Evaluate the Trustee's Motion for Order Authorizing Sale of Estate's Assets Re System 3, Inc. Free and Clear of Any Liens or Encumbrances, for Approval of Related Compromises of Controversies, and for a Finding that Buyer Is a Good Faith Purchaser Pursuant To 11 *U.S.C.* Section 363(M) (2 EOR, Tab 25).

On November 18, 2011, Debtor filed his Response to his ex-wife's specious limited opposition to the Trustee's motion to sell (2 EOR, Tab 29). Also, on November 18, 2011, Debtor further responded to Trustee's counsel's inadequate meet and confer letter dated November 14, 2011 regarding the discovery Debtor propounded on Trustee Susan K. Smith. Relevant parts of Debtor's November 18, 2011 letter are as follows:

*With regards to an extension to respond to valid discovery, I remind you that when I requested that you continue the trustee's pending Motion to sell any interest the estate may have in System 3, in part because there was outstanding discovery, you flatly refused.   Thus for you to request such a courtesy, is hypocritical on your part.   As I need the discovery, to evaluate the trustee's position and to perform a Business Valuation on System 3 as soon as possible, I will not agree to a courtesy week or two continuance of the due date of the discover responses, especially since I already provided trustee Smith with more time than required under the law to respond.   Trustee Smith's responses are due within 30 days of the date served and that remains unchanged.*

*As you are aware, I propounded similar discovery on Acting United States Trustee, Region 17, August B. Landis.   Mr. Landis timely provided me with verified discovery responses without objection and did not speciously assert as you do, that the discovery is not valid. Please be advised that if you file a motion for protective order on Trustee Smith's behalf, I strongly believe the motion will be (1) presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) based on claims, defenses, and other legal contentions which are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; and (3) the allegations and other factual contentions will not have evidentiary support.   Thus, if proceed by this wasteful way, I will seek monetary and non-monetary sanctions against you, the law firm of Hefner, Stark & Marois, LLP, and trustee Susan K. Smith for willfully violating Federal Rules of Bankruptcy Procedure Rule 9011.   As you are aware, I warned you of the sanctions available under Federal Rules of Bankruptcy Procedure Rule 9011 after the hearing on September 6, 2011 and you told me you were aware of Rule 9011.*

*With regards to the discovery propounded on trustee Susan K. Smith thus far, you have failed to provide any legal authority whatsoever to support Ms. Smith's refusal to respond to valid discovery.   If you have any, please provide forthwith, before filing a wasteful motion for protective order, and I will consider the authority. As stated above, Acting United States Trustee, Region 17, August B. Landis did respond to the discovery Debtor propounded on him and did not attempt to obstruct justice as you and Ms. Smith are attempting to do.   What do you and Ms. Smith have to hide?   The trustee's refusal to respond to valid discovery and provide documents,   reminds Party-in-interest of the quote "Sunlight is the best disinfectant"   which is a well-known quote from U.S. Supreme Court Justice Louis Brandeis which refers to the benefits of openness and transparency.*

*You start your November 14, 2011 letter by stating that "The Trustee believes that your discovery requests are improper."   However, you fail to provide any legal authority; i.e. you provide no citations to any statute or decisional law.*

*Further, you state there is no contested matter when you know full well that Debtor unequivocally contests Trustee Susan K. Smith's Motion for Order Authorizing Sale of Estate's Assets Re System 3, Inc. (Docket Nos. 298-302) (hereinafter "MOTION").*

*Debtor strongly believes your specious position that the discovery was propounded before trustee Smith filed her MOTION is totally without merit and made in made faith. However, so you and the trustee cannot have it both ways, Debtor will propound on the trustee forthwith a 3rd set of discovery that will defuse your argument. You and the trustee are wasting so many resources that if the trustee attempts to recoup unnecessary fees, it is a scientific certainty that Debtor will oppose and expose your wasteful actions.*

*I recognize that you attempt to support your client's untenable position by regurgitating the obstreperous language of "the documents and information requested are irrelevant, burdensome and oppressive." However, the discovery was narrowly tailored to the issues at bar, and Debtor has no problem in informing the court of this undisputable fact.*

*With regards to your assertion that Debtor is engaging in a "fishing expedition", the discovery requests are clear that Debtor is not. Further, as stated above, Acting United States Trustee, Region 17, August B. Landis does not proffer the position that you and Ms. Smith tender.*

*It appears that you do not know, or do not want to admit, what a discovery "fishing expedition" is.*

*Burton's Legal Thesaurus, 4E. Copyright © 2007 describes a discovery fishing expedition as a careless inquisition and careless probe with reckless abandon, reckless inquiry, reckless investigation, reckless pursuit, wanton examination, wanton exploration, wanton inquest, widespread scrutiny, widespread search, wild inquest. Such is not the case here with Debtor's propounded discovery.*

*Debtor knows that new lawyers often try to frustrate their adversaries by objecting that a discovery request is an impermissible "fishing expedition." Unfortunately, new lawyers, and apparently "experienced" bankruptcy attorneys such as Howard Nevins, throw around the "fishing expedition" phrase like a salmon at Pike Place Fish Market*

*Under Federal Law, discovery requests are generally permitted if any information or document is not subject to a privilege and is relevant to a claim or defense of a party. This fairly broad scope has a limit: The person propounding the request must show a reasonable expectation that it will aid in resolution of the case; the request also must be reasonably calculated to lead to the discovery of admissible evidence.*

*In 1947 the U.S. Supreme Court held in Hickman v. Taylor that courts are to accord discovery rules broad and liberal treatment. Citing the U.S. Supreme Court, the 12th Court of Appeals in Tyler held in 2004 in Hill and Griffith Co. v. Bryant that "[n]o longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Discovery is permitted of any matter, not privileged, that is relevant to the subject matter and is reasonably calculated to lead to discovery of admissible evidence."*

*In your November 14, 2011 letter you state in relevant part:*

*The Trustee notes that the length and breadth of the discovery goes far beyond any matters pending in the bankruptcy court. I am referring, for example, to discovery relating to entities called 4 Results, Inc. [sic], Auto and Boat Store, Inc., Done Deal, Inc. and the Luyung Property, among other far flung subjects, none of which has become the subject of any activity in this case to date*

*If you will state in writing that that trustee Susan K. Smith that California entities named called 4 Results, LLC, Auto and Boat Store, Inc., Done Deal, Inc. and the Luyung Property (real property located in Rancho Cordova, CA and specifically described as Sacramento County Parcel No. 072-0450-015-0000) will not be subject of any activity in this bankruptcy case now or in the future, I will consider withdrawing any discovery related to those entities or property. Are you and Ms. Smith willing to put that in writing? Or are you just blowing smoke and being obstreperous?*

*In your November 14, 2011 letter you state in relevant part:*

*It appears to the Trustee that your discovery requests track to a considerable extent the subject areas and allegations contained in the criminal indictment filed June 8, 2011, naming you and Derian Eidson as co-defendants.*

*I appreciate that you and the trustee admitting that you have both read the indictment against me and Ms. Eidson filed on June 8, 2011. Thus you and Ms. Smith are obviously aware that the indictment alleges the following in relevant part:*

*On or about July 13, 2004, defendants STEVEN ZINNEL and DERIAN EIDSON created a document purporting to assign defendant STEVEN ZINNEL's interest in [System 3] to Done Deal.*

*On or about February 17, 2009, defendant DERIAN EIDSON traveled to Sacramento, California, to meet with an attorney [Frank Radoslovich] for [System 3]. Defendant DERIAN EIDSON purported to act as owner and principal of Done Deal and attorney for both Done Deal and defendant STEVEN ZINNEL. Defendant DERIAN EIDSON stated the following at this meeting:*

*[D]efendant STEVEN ZINNEL had assigned to Done Deal his interest in [System 3] in July 2004.*

*However, incredulously, in Trustee Susan Smith's Reply to Debtor's initial opposition to the Motion to Sell she filed on November 15, 2011, the trustee asserts in relevant part:*

*At page 3, lines 8-9 of his Opposition, the **Debtor vaguely alludes to an assignment allegedly affecting rights in the Sale Property**. Starting again with the fundamental premise that there is no admissible evidence to support this statement, it can provide no basis for opposition to the Motion. **Further, the statement does not say to whom the assignment was made, when the assignment was made, what consideration was received or promised for such assignment, whether the assignment affects all or just a part of the Sale Property, or any other material information**. Depending on when that purported assignment was made, there may be further non-disclosures associated with the Debtor's*

*bankruptcy case (e.g. avoidable transfers). **And if there truly is a party to whom an assignment was made, the Debtor is obligated to inform the Trustee and court of the identity of the assignee and the details of the assignment.** (emphasis added)*

*Thus the aforementioned "position" by the trustee in her reply is hogwash [9] and a blatant misrepresentation to the court which Debtor will surely inform the court of the willful misrepresentation at the hearing on November 22, 2011.*

*With regards to your representation that the Trustee is interest in examining me pursuant to Rule 2004, you and Trustee Susan Smith already know I have already asserted my 5th and 6th Amendment rights as I did so after the court hearing on August 10, 2011.  Thus, if you were to file an Application for a Rule 2004 exam, it would unnecessarily increase the cost of the administration of the estate and subject you both to Rule 9011 sanctions.*

*On the subject of Rule 2004 examinations, as the trustee will not provide a single document to evaluate the pending motion to sell or perform a business valuation on System 3, Inc., I am filing Rule 2004 applications with document requests to examine the PMK of System 3, Inc., Thomas Wilbert who is the President of System 3, and his wife Julia Wilbert who is the financial controller of System 3, Inc.*

*In conclusion, **Debtor implores you and the trustee to provide documents that the Debtor requested in his November 3, 2011 letter and respond to valid discovery**.  Your refusal thus far can only be seen as obstructionist, a violation of the duties of a bankruptcy trustee, and a willful attempt to greatly increase the costs to administer the estate in this case so the trustee and her professionals can milk the estate for tens of thousands of dollars in professional fees.* (3 EOR, Tab 38, 501-506).

   On November 22, 2011, Debtor filed his Emergency *Ex Parte* Application to Stay the Hearing Re Trustee's Motion For Order Authorizing Sale Of Estate's Assets Re System 3, Inc. (Docket Nos. 298-302) until the Parallel Criminal Proceedings  Regarding Debtor Steven K. Zinnel Are Concluded (3 EOR, Tabs 30-33).

   On November 21, 2011, the Trustee filed her Motion for Protective Order by Chapter 7 Trustee as to Discovery Propounded by the Debtor (3 EOR, Tabs 34-39). In further evidence of the Trustee's collusion, her attorneys served the motion on the prosecuting Assistant U.S. Attorney Matthew Segal and the bad-faith proposed buyer Thomas Wilbert's attorneys Donald Heller and Frank Radoslovich (3 EOR, Tab 39, 508).

---

[9] Meaningless or insincere talk, writing, etc.; nonsense; bunk

On November 28, 2011, the Bankruptcy Court issued a written order granting the Trustee's Motion for Order Authorizing Sale of Estate's Assets Re System 3, Inc. Free and Clear of any Liens or Encumbrances, for Approval of Related Compromises of Controversies, and for a Finding That Buyer is a Good Faith Purchaser Pursuant To 11 *U.S.C.* Section 363(M) (4 EOR, Tab 41). On December 5, 2011, Debtor filed a motion for reconsideration of the motion to sell order (4 EOR, Tabs 43-47).  On December 6, 2011, Debtor filed his opposition to the Trustee's motion for protective order by Chapter 7 Trustee as to Discovery Propounded by the Debtor (4 EOR, Tabs 48-49; 5 EOR, Tabs 50-51).  On December 13, 2011, the Trustee filed her reply ( 5 EOR, Tab 42). On December 28, 2011, the Trustee erroneously filed a Report of Sale of Estate Asset (System 3, Inc.) ( 5 EOR, Tab 54).  On December 20, 2011, the Bankruptcy Court resolved the Trustee's motion for protective order by Chapter 7 Trustee as to Discovery Propounded by the Debtor without oral argument and denied the trustee's motion stating on the record: *I have studied the record carefully and I am persuaded that is not an appropriate order to grant and the motion is denied.* (RT at 5 EOR, Tab 71, 812). On December 30, 2011, the Bankruptcy Court issued a written order summarily denying  the Trustee's motion for protective order by Chapter 7 Trustee as to Discovery Propounded by the Debtor (5 EOR, Tab 55). On January 6, 2012, the trustee filed a motion for reconsideration failing to state any new facts or law (5 EOR, Tabs 56-58). On January 13, 2012 the trustee filed her opposition to Debtor's motion for reconsideration of order granting the Trustee's motion to sell order (5 EOR, Tab 60). On January 20, 2012 the Bankruptcy Court reversed itself, without considering Debtor's opposition, and granted the Trustee's Motion for protective order by Chapter 7 Trustee as to Discovery Propounded by the Debtor and the Trustee's motion for reconsideration (5 EOR, Tab 62).  On January 23, 2012, Debtor filed his opposition to the Trustee's Motion for reconsideration of the order denying the Trustee's motion for protective order by Chapter 7 Trustee as to Discovery Propounded by the Debtor (5 EOR, Tabs 63-67). On January 27, 2012, Debtor filed his Notice of Appeal (5 EOR, Tabs 69-70).

## V.  ARGUMENT

### A.  The Debtor has standing in his own bankruptcy case, as a party-in-interest, to participate in a case in which he is the only party

Here Zinnel is the Debtor and **the only party** to the litigation thus as a matter of law he has standing. Further, Zinnel is Person Aggrieved and he is also Adversely Affected Pecuniarily by The Bankruptcy Court's Orders thus he has standing because:

- Zinnel is the Debtor;
- Zinnel is a statutory party-in-interest under the law;
- Zinnel is absolutely subject to resulting injury both financially and otherwise which is an injury in fact for Article III of the Constitution purposes regardless of whether it stems from the outcome of the proceeding in isolation or due to its impact on the entire bankruptcy case, or other cases;
- Zinnel is well within the "zone of interest";
- Zinnel has a right to be heard;
- Zinnel has a financial stake in the motion to sell because the case could possibly be a surplus estate and Zinnel's rights are being impaired by the court, trustee Susan K. Smith, and her attorney Howard Nevins. (A chapter 7 debtor has standing to object to the Trustee's motion to sell and appeal the order if the debtor is pursuing or defending his or her own personal rights such as the bankruptcy estate might be a surplus estate. *Duckor Spradling & Metzger v. Baum Trust ( In re P.R.T.C., Inc.),* 177 F.3d 774, 778 n. 2 (9th Cir.1999);
- Zinnel has the right to challenge that proposed buyer, Thomas Wilbert, is not a good faith purchaser which in fact is the case here;
- Zinnel has the right to challenge collusion between Trustee Susan K. Smith and her professionals and proposed buyer, Thomas Wilbert, and his professionals which in fact is the case here;

- Zinnel has the right to receive documents from Trustee Susan K Smith, which she utterly refuses to provide even though required under the law, to evaluate what she is trying to sell and to value the property to determine if bidding is warranted;

- In the CRIMINAL CASE, the Government alleges that Debtor had a substantial ownership interest in System 3, Inc. when he filed bankruptcy on July 20, 2005 and thus the Government alleges the bankruptcy estate has a substantial ownership interest in System 3, Inc. currently. Thus, according the Government in the CRIMINAL CASE, Debtor has standing to object to the trustee's motion to sell, because Debtor is a person aggrieved, directly adversely affected pecuniarily by the  bankruptcy court's order, and there are other detrimental effects on Debtor's rights;

- The Trustee takes the following position in her motion to sell: *The Trustee takes the position that the estate, as a potential shareholder in System 3 under the Business Formation Agreement, has an interest in certain income generated by System 3 before and after the commencement of this case. The Trustee further contends that the income generated by System 3 is attributable, in part, to the contacts and relationships that the Debtor originally brought to the company as part of his contribution under the Business Formation Agreement, which was intended to be compensated to the Debtor though an allocation of shares and subsequent distributions of income from the company pursuant to the Business Formation Agreement.*  If the Trustee is to be believed, Debtor has standing to object to the trustee's motion to sell, because Debtor is a person aggrieved, directly adversely affected pecuniarily by the  bankruptcy court's order, and there are other detrimental effects on Debtor's rights;

- If the bankruptcy  estate does have a significant ownership interest in System 3, Inc., that the bankruptcy court has not yet determined, **but is required to do**

**under the holdings of** *In re Popp* (9th Cir. BAP 2005) 323 BR 260, 266 and *In re Rodeo Canon Development Corp.* 362 F.3d 603 (C.A.9, 2004) based on documents provided by the Government in the CRIMINAL CASE   that ownership interest is worth tens upon tens of millions of dollars even after according to documents provided by the Government in the CRIMINAL CASE, Thomas and Julia Wilbert have stripped millions upon millions of dollars from System 3, Inc. and have apparently used System 3, Inc. as their own personal piggy bank to have the corporation pay their own personal expenses, including weeding expenses of their daughter, and write off said expenses thus cheating the Internal Revenue Service and California Franchise Tax Board out of hundreds of thousands of dollars in taxes.

- If the bankruptcy court, or on remand from the Bankruptcy Appellate Panel for the Ninth Circuit, determines that the bankruptcy estate has a significant ownership interest in System 3, Inc. than the bankruptcy estate is not hopelessly insolvent. Further, the motion to sell has a detrimental effect on Debtor's rights;

- Debtor is adversely affected by the trustee's refusal to provide him with a single document requested to evaluate the merits of the motion;

- Debtor is adversely affected by the trustee's refusal to provide him with a single document requested to so she can conceal her collusion with Proposed Buyer Thomas Wilbert;

- Debtor is adversely affected by the trustee's refusal to provide him with a single document requested to evaluate if overbidding was warranted at the hearing.

It is safe to say that to be a "person aggrieved" one must be directly and adversely affected pecuniarily by the order of the referee which is challenged. After all, practical common sense need not be entirely divorced from bankruptcy proceedings. Honorable John B. Sanborn, 1962.

In the five decades since Judge Sanborn's common sense interpretation of the standing requirements under the Bankruptcy Act of 1898 federal bankruptcy law has evolved considerably—so much so that many of the common understandings and fundamental assumptions of that time have given way to other concepts of the role and function of bankruptcy.

A strictly pecuniary approach is certainly tidy, black and white, and easy to apply. (**And Debtor strongly asserts Trustee Susan Smith and her attorney Howard Nevins, and even Judge Klein, likes to _hang their hat on_ the "strictly pecuniary approach" albeit with no real analysis, to dispose of Debtor's meritorious argument so they do not have to do real work and can try to make this case go away, which will not happen, all the while generating outrageous professional fees for Howard Nevins and Gene Gonzales leaving Debtor and creditors with nothing.)** Like many rules with these attributes, however, **it is arbitrary and incoherent.** It grants the right to be heard to those with claims, regardless of size, and leaves those without that type of right with no voice at all. _Noneconomic Interests in Bankruptcy: Standing on the Outside Looking In_ Ohio State Law Journal, 59 Ohio St. L.J. 429, 461 (1998) Professor Nathalie D. Martin.  There are several reasons to take a broader approach to standing. First, as discussed above, the statute clearly permits courts to grant standing more freely and may even require it. Second, **other federal courts do not limit standing to those with pecuniary interest. To have standing in other courts, one must have only a direct and substantial interest; the injury need not be financial or the resulting obligation immediately due and payable. Nothing in the Bankruptcy Code itself modifies this standard** . . . . Regardless of the precise standard adopted, **standing in bankruptcy does not rest on the existence of a financial interest**, _Martin Id._ (emphasis added).

**Thus, in order to preserve their rights, parties are forced to translate their injuries into financial injuries, which may be attenuated or fail to capture the injuries' significance.** Over time, the pecuniary interest requirement for standing and other judicial constructions have

become so ingrained in the process that their underlying rationale is no longer seriously questioned. However, recent changes to the Bankruptcy Code and the strained efforts of some courts to sustain the pecuniary limit suggest that the time to reframe bankruptcy standing has arrived.

1. Bankruptcy Standing Today

Today, "the person aggrieved test" is one of basic statutory interpretation: **it was supplanted by the generally-applicable "party-in-interest" standard.** See, e.g., *DirecTV, Inc. v. Brown*, 371 F.3d 814, 817 (11th Cir. 2004) (—[C]hanges in statutory language generally indicate an intent of Congress to change the meaning of the statute.) (quotation marks, alterations, and citations omitted); *Muscogee (Creek) Nation v. Hodel,* 851 F.2d 1439, 1444 (D.C. Cir. 1988) (—Where the words of a later statute differ from those of a previous one on the same or related subject, the Congress must have intended them to have a different meaning.).

The reach of federal bankruptcy power is such that standing considerations are often  not only to resolve individual disputes in isolation—a context in which the impact of an order on a specific party's interests and rights is much less difficult to ascertain—but also to balance the respective rights of parties in interest in the case as a whole as provided by statute.

**Any resulting injury, financial or not, may constitute an injury in fact for Article III of the Constitution   purposes regardless of whether it stems from the outcome of the proceeding in isolation or due to its impact on the entire bankruptcy case.** See *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C, Inc.)*, 177 F.3d 774, 777 (9th Cir. 1999); *Kane v. Johns-Manville Corp. (In re Johns-Manville Corp.*), 843 F.2d 636, 642 n.2 (2d Cir. 1988).  Furthermore, these injuries may be redressed in many instances with affirmative relief authorized under the Code or by blocking the entry of (or, on appeal, reversal of an order granting) relief requested by another party. **In short, a large number of parties may satisfy Article III standing requirements in a single bankruptcy dispute.**

2. Party-in-Interest Standing

In many situations, specific provisions of the Bankruptcy Code extend the right to be heard to parties in interest. **A party in interest, includes the debtor**, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter. 11 *U.S.C.* § 1109(b). (Although Chapter 7 does not include a comparable provision, parties in interest generally have the same right to appear and be heard in Chapter 7 as they do in Chapter 11. *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 5 (1st Cir. 1999) (noting that —Chapter 7 includes no comparable provision, but in practice bankruptcy courts routinely entertain adversary proceedings against the Chapter 7 trustees. **In light of the structure and purposes of the Code, we agree with these courts that the right to be heard applies in the liquidation context.** (citations omitted).

The need to establish a pecuniary interest depended on the nature of the issue under consideration. Consistent with this understanding, courts have generally concluded that the term should be interpreted broadly under the Code and may extend to those without a pecuniary interest. See *In re Amatex Corp.,* 755 F.2d 1034, 1042 (3d Cir. 1985); *Ault v. Emblem Corp. (In re Wolf Creek Valley Metro. Dist. No. IV)*, 138 B.R. 610, 615 (D. Colo. 1992); *In re River Bend-Oxford Assocs.*, 114 B.R. 111, 116 (Bankr. D. Md. 1990) (—[T]he concept of party in interest under the Bankruptcy Code for purposes of participation in the reorganization process should be interpreted flexibly to insure fair representation of all significantly impacted constituencies.),; *In re Johns-Manville Corp.*, 36 B.R. 743, 754 (Bankr. S.D.N.Y. 1984) (**The concept of party in interest' is an elastic and broad one designed to give the Court great latitude to insure fair representation of all constituencies impacted in any significant way** by a Chapter 11 case.), aff'd, 52 B.R. 940 (S.D.N.Y. 1985)

**The zone of interests test has been characterized as the most useful factor in considering Congressional intent on the question of standing and is often used for that purpose.** *Bonds v. Tandy*, 457 F.3d 409, 413 n.7 (5th Cir. 2006)

The Ninth Circuit, stated pontificating on standing:

> Standing exists to fill the need for an explicit limitation on standing to appeal in bankruptcy proceedings. This need springs from the nature of bankruptcy litigation <u>which almost always involves the interests of persons who **are not** formally parties to the litigation.</u> In the course of administration of the bankruptcy estate disputes arise in which numerous persons are to some degree interested. Efficient judicial administration requires that appellate review be limited to those persons whose interests are directly affected. *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 443 (9th Cir. 1983).

**B.      The Trustee must furnish such information concerning the estate and the estate's administration as is requested by a party or person-in-interest pursuant to 11 *U.S.C.* § 704 (a)(7) and well-settled decisional law**

All the Trustee's and her professionals actions in this case are wasteful, improper, illegal, designed solely to run up administrative expenses, and to line the Trustee's and her professionals' pockets. Bottomline, is Trustee Smith and her attorneys do not like the fact that the court properly initially denied their motion for protective order even though the law states in no uncertain terms:

> The trustee **<u>shall</u>**  (as opposed to should, if she feels like it, if it is convenient, if the debtor is not Steven Zinnel …)

> (7) **<u>furnish such information concerning the estate and the estate's administration as is requested by a party in interest</u>**; 11 USC § 704 (a)

> Generally, the trustee is to gather and liquidate the property of the estate, **<u>to be accountable for the estate</u>**, … review the proofs of claim, … **<u>be available to provide relevant information to parties-in-interest</u>**. *In re Castillo*, 297 F.3d 940, 950-51 (9th Cir. 2002)

Due to Chapter 7 trustee's strict fiduciary duties to estate, very aura of impropriety threatens more extensive damage than does act itself. *Matter of M4 Enterprises, Inc*., Bkrtcy.N.D.Ga.1995, 190 B.R. 471. Bankruptcy 3008. Information concerning the estate must be furnished by the trustee to all parties in interest. *In re Saur*, S.D.N.Y.1903, 122 F. 101. Chapter 7 trustee had obligation to abide by rules of discovery and to respond to turnover defendant's interrogatories and request for production, either by answering and producing or by raising objections with bankruptcy court. *In re Lenders Mortg. Services, Inc*., Bkrtcy.E.D.Mo.1997, 224 B.R. 707.

Any person entitled to appear, such as a party who opposed a discharge, even though he had no provable claim, was a "party in interest" within former § 75(a)(10) of this title. *In re Waters-Colver Co.,* E.D.N.Y.1914, 212 F. 761. See, also, *In re Samuelsohn*, D.C.N.Y.1909, 174 F. 911, 23.

"Parties in interest", within former § 75(a)(10) of this title included the bankrupt, a creditor holding security, and all persons whose pecuniary interests were directly affected by proceedings in bankruptcy. *In re Transatlantic & Pacific Corp*., S.D.N.Y.1963, 216 F.Supp. 546.

Chapter 7 debtor was "party in interest," whose interests had to be considered by trustee in deciding upon best method of liquidating debtor's inventory, **where estate had sufficient value that property would likely be returned to debtor.** *In re Kazis*, Bkrtcy.D.Mass.2001, 257 B.R. 112. Bankruptcy 3072(1)

Debtor is statutorily a party-in-interest. The trustee has a statutory obligation to provide documents to a party-in-interest. The trustee was served discovery a few days before she filed a contested issue and then she hides behind the fact she files a 28 day noticed motion and there would be no way to served discovery due in thirty days. The trust refused to provide documents even though she was requested three times.

The trustee has provided no factual or legal authority that the discovery propounded is improper. As a statutory party-in-interest, Debtor had propounded formal discovery on Acting

United States Trustee, Region 17, August B. Landis and Trustee Susan Smith. Additionally, Debtor requested documents from the Trustee on three occasions to value the Property the Trustee moved the court to sell.  Acting United States Trustee, Region 17, August B. Landis responded to Debtor's discovery without objection and provided responsive documents in his possession. However, in complete contrast, even though Trustee Susan K. Smith had a fiduciary duty and statutory obligation to timely provide parties-in-interest with documents requested, she utterly refused to provide a single document to Debtor. Debtor even filed a Notice of the Trustee's Refusal to Provide a Single Document to Evaluate the Trustee's Motion for Order Authorizing Sale of Estate's Assets Re System 3, Inc. Free and Clear of any Liens or Encumbrances, for Approval of Related Compromises of Controversies, and for a Finding that Buyer is a Good Faith Purchaser Pursuant to 11 *U.S.C.* Section 363(M).

The estate is not woefully insolvent as Debtor will be objecting to most if not all of the filed creditor claims which Debtor believes the court must sustain leaving the estate strong surplus estate.  Especially after the egregious attorneys' fees and accountants' fees are disapproved either by the trial court or on appeal. With regards that the discovery was propounded for an improper purpose, the Trustee Smith has provide no evidence for her conlusionary assertion.

Relevancy is not a standard in ruling on discovery motions.  Reasonably calculated to lead to the discovery of admissible evidence is the proper legal standard. As the trustee admits. Debtor served his discovery on October 19, 2011, and the other on October 24, 2011.  Yet the Trustee's "experienced" bankruptcy attorney Howard Nevins waited until November 14, 2011, almost a month, to begin to even to even meet and confer, and this was on the eve of the due date of the discovery responses, In aggravation, trustee's counsel demanded a response within 24 hours even though Howard Nevins would go days upon days without responding to Debtor's repeated letters.  Thus, here there is no good faith meet and confer attempt by the trustee or her attorney subjecting them both to monetary sanctions.

With regards to the Trustee providing a party in interest with documents, the law and facts are clearly on the Debtor's side. Thus, Trustee Susan Smith's conduct in this case thus far is quite frankly is unbelievable, and Mr. Nevins' for that matter is as well. Trustee Susan Smith and her attorney Howard Nevins are spending hours churning this case all the while Debtor is sure keep meticulous track of professional time so they can present a big fat padded legal bill to the estate for the court's approval. It is unbelievable to what lengths Trustee Susan Smith and her attorneys will go to not provide documents to a party in interest

Trustee Susan K. Smith boldly refuses to provide anything. In one legal treatise, the author states, "*I never fear the opponent who boldly refuses to give me anything, one who as a matter of course, has objected to everything.  She stands out like a sore thumb waiting to be chopped off.*" … **Boilerplate  Objections  Make  Judges  Angry**. Boilerplate refusals are very easy for the judge to handle.  Modern cases and rules favor full and complete disclosure. Boilerplate objections, which tend to frustrate those principles, are easy to spot and easy to dispose of by way of broad orders and painful sanctions." *Guerrilla Discovery, James Publishing* 2007 edition, §12.20.4.  (emphasis added).

Trustee's Smith refusal to provide a single document is unbelievable. The only explanation is that either Trustee Smith and her attorney Howard Nevins have some sort of vendetta against debtor which is totally unwarranted and which debtor will respond to appropriately within the law.

C.     **In a bankruptcy case, there is no requirement that there must be on file in the case a motion, an adversary proceeding, or any contested matter, before any party or person-interest may propound discovery**

In her motion for protective order, without citing any legal authority, the Trustee takes the position that *there is no legal basis for the Debtor's Discovery (primarily because there was no contested matter then pending at the time of service of the Discovery* (3 EOR, Tab 35, 399:7-9). First, on its face the position is disingenuous as within days of serving discovery, the Trustee

filed a contested motion that her attorney's billing records reflect that she had been working on for months. Notwithstanding, as described above, after the Trustee filed her motion to sell on October 25, 2011, Debtor propounded a narrowly tailored document request on November 3, 2011.  That being said, the Trustee has cited no legal authority to support her position and Debtor is unaware of any authority that supports the Trustee's position.  All of Debtor's legal research reveals that Debtor has standing to receive documents and the Trustee has a legal duty to provide them.

Debtor knows that new lawyers often try to frustrate their adversaries by objecting that a discovery request is an impermissible "fishing expedition." Unfortunately, new lawyers, and apparently "experienced" bankruptcy attorneys such as Howard Nevins, throw around the "fishing expedition" phrase like a salmon at Pike Place Fish Market (see 3 EOR, Tab 38, 479, ¶4).

Under Federal Law, discovery requests are generally permitted if any information or document is not subject to a privilege and is relevant to a claim or defense of a party. This fairly broad scope has a limit: The person propounding the request must show a reasonable expectation that it will aid in resolution of the case; the request also must be reasonably calculated to lead to the discovery of admissible evidence.

In 1947 the U.S. Supreme Court held in *Hickman v. Taylor* that courts are to accord discovery rules broad and liberal treatment. Citing the U.S. Supreme Court, the 12th Court of Appeals in Tyler held in 2004 in *Hill and Griffith Co. v. Bryant* that "[n]o longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Discovery is permitted of any matter, not privileged, that is relevant to the subject matter and is reasonably calculated to lead to discovery of admissible evidence."

**D.       There was no factual or legal basis for the Bankruptcy Court to reconsider its December 30, 2011 order denying Trustee Susan K. Smith's Motion for Protective Order by Chapter 7 Trustee as to Discovery Propounded by the Debtor**

This District Court's *Local Rules* state:

> **Applications for Reconsideration.** Whenever any motion has been granted or denied in whole or in part, **and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts**, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including: (1) when and to what Judge or Magistrate Judge the prior motion was made; (2) what ruling, decision, or order was made thereon; (3) **what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion*; and (4) why the facts or circumstances were not shown at the time of the prior motion.** U.S.D.C. ED CA *Local Rule* 230 (Fed. R. Civ. P. 78)

Here, with her "Motion for Reconsideration", the Trustee simply <u>literally</u> regurgitates verbatim her arguments in her original motion for protective order that was properly rejected by the court (compare Trustee's Motion For Protective Order By Chapter 7 Trustee as to Discovery Propounded by the Debtor (3 EOR, Tabs 34-38) to her motion for reconsideration (5 EOR, Tabs 56-58).

Although not cited by the Trustee in her Motion for Reconsideration, U.S.D.C. ED CA *Local Rule* 230 (Fed. R. Civ. P. 78) and *Federal Rule of Civil Procedure* Rule 59, governs motions for reconsideration of orders. Reconsideration is an extraordinary remedy that should be used sparingly. *In re Arden Properties, Inc.*, 248 B.R. 164, 168 (Bkrtcy. D. Ariz. 2000). As the court stated in *Arden Properties:*

> There are four basic grounds upon which a Rule 59(a) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered

or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice .... Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

Id, at 168 (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255, n.1 (9th Cir. 1999), *cert. denied,* 120 S. Ct. 1708 (2000)). (See also *In re Basham*, 208 B.R. 926, 934 (9th Cir. BAP 1997), aff'd, 152 F.3d 924 (9th Cir. 1998) ("Reconsideration is appropriate only if one of the following three grounds are present: (1) manifest error of fact, (2) manifest error of law, or (3) newly discovered evidence.")

Here, the Trustee's motion for reconsideration fails to identify, **let alone satisfy, any of the established grounds for reconsideration.** The Trustee's Motion for Reconsideration merely rehashes and <u>regurgitates the exact same arguments she made in her original motion</u> for protective order, while failing to identify any manifest error of law or fact made by the court. This is not a proper basis for reconsideration: "A motion brought under Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants." *In re:  Midway Airlines, Inc.,* 180 B.R. 1009, 1012 (Bkrtcy. N.D. Ill. 1995) (quotations omitted).

"The purpose of a motion to alter or amend 'is not to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment."' *Id.* Here there are no new facts or new cited law thus there is no support reconsideration of the court's prior order.

The court correctly ruled in denying the Trustee's motion for protective order.

## VI.   <u>CONCLUSION</u>

"*Nothing is to be Preferred Before Justice.*"  [10] The appropriate resolution of this appeal is to reverse the Bankruptcy Court orders. For the reasons stated herein, Debtor respectfully and earnestly  requests that the District Court act as follows:

---

[10] Socrates

1. Reverse the Bankruptcy Court's combined order both granting Trustee Susan K. Smith's Motion for Reconsideration of Order Denying Motion for Protective Order by Chapter 7 Trustee as to Discovery Propounded by the Debtor and order granting Trustee Susan K. Smith's Motion For Protective Order By Chapter 7 Trustee as to Discovery Propounded by the Debtor both filed on January 20, 2012 (5 EOR, Tab 62; BK Docket No. 412) and remand with instructions that the Bankruptcy Court enter a new Denying the motion for protective order (3 EOR, Tabs 34 35; BK Docket Nos. 356-361) and the subsequent motion for reconsideration. (5 EOR, Tabs 56-88; BK Docket Nos. 399-402);

2. The District Court's Opinion makes a finding that Debtor has standing to participate in this bankruptcy case, in which he is the only party and that Debtor is a person-in-interest;

3. The District Court's Opinion makes a finding that in a bankruptcy case, there is not a requirement that there must be on file in the case a motion, an adversary proceeding, or any contested matter, before any party or person-interest may propound discovery;

4. The District Court remands ordering that the Trustee shall furnish such information concerning the estate and the estate's administration as is requested by Debtor, or any other person-in-interest pursuant to  11 U.S.C. § 704 (a)(7) and well-settled decisional law;

5. The District Court remands ordering that the Honorable Christopher M. Klein does not hear any further proceedings in this case; and

6. Appellant awarded all costs on appeal.

Respectfully submitted,

Dated: May 2, 2012

/S/   Steven K. Zinnel_____
Steven K. Zinnel
Debtor and Appellant in pro se